IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-466-ECM |
| | ) | |
| KAREN O'NEAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On August 5, 2026, the Magistrate Judge entered a Recommendation that multiple claims in this action (Counts I, II, IV, V, and VI) be dismissed and that the Court exercise supplemental jurisdiction over the state law claim in Count III pursuant to 28 U.S.C. § 1367(a) because the statute of limitations on Count III has lapsed, and thus a dismissal without prejudice would operate as a dismissal with prejudice. (Doc. 11). No timely objections have been filed.

Upon an independent review of the record, the Court declines to exercise supplemental jurisdiction over the state law claim in Count III. Section 1367(d) provides that the limitations period "for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." As interpreted by the United States Supreme Court, § 1367(d) suspends the statute of limitations on state law claims over which the federal court has supplemental jurisdiction while the federal case is pending and for an additional thirty days after the federal court dismisses the state law claim, unless state law provides

for a longer period. *Artis v. District of Columbia*, 583 U.S. 71, 75 (2018). Here, as the Magistrate Judge concluded, the Plaintiff filed this action on the last day of the limitations period applicable to Count III. (*See* doc. 11 at 7–8). Thus, the Plaintiff would still have (at least) thirty days after Count III was dismissed from federal court to refile it in state court. Because the Court does not perceive a statute of limitations problem with dismissing Count III without prejudice, and because all federal claims are due to be dismissed, the Court declines to exercise supplemental jurisdiction over Count III pursuant to § 1367(c)(3), and therefore Count III is due to be dismissed without prejudice.

Accordingly, it is

ORDERED as follows:

1. The Recommendation of the Magistrate Judge (doc. 11) is ADOPTED as modified;

2. Counts I, II, IV, V, and VI are DISMISSED with prejudice;

3. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the state law claim in Count III, and Count III is DISMISSED without prejudice;

4. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 30th day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE